DORAN v. CAMPBELL.   (No. 5840.)

(Court of Civil Appeals of Texas.  San Antonio.
April 19, 1917.  Rehearing Denied
May 9, 1917.)

1. APPEAL AND ERROR ⬤➡1011(1)—FINDINGS
BASED ON CONFLICTING EVIDENCE.

Findings of trial court based on conflicting
evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3983–3988.]

2. ATTORNEY AND CLIENT ⬤➡154 — CLAIM
AGAINST CLIENT — APPLICATION OF MONEY
COLLECTED.

An attorney has the right to apply money
collected for his client to payment of any valid
subsisting claim he has against her.

[Ed. Note.—For other cases, see Attorney and
Client, Cent. Dig. § 315.]

Appeal from Thirty-Seventh District Court,
Bexar County; W. S. Anderson, Judge.

Proceeding by Annie Stell Doran against
R. A. Campbell.  Judgment for defendant,
and plaintiff appeals.  Affirmed.

James Raley, of San Antonio, for appel-
lant.

SWEARINGEN, J.  Appellant, Annie Stell
Doran, brought this proceeding against R. A.
Campbell in the district court to recover $85,
claimed to have been collected for her by ap-
pellee while acting as an attorney for her.
The proceeding is brought by motion as pro-
vided by article 332 of the statutes.  The
statutory penalty of 20 per cent. was also
asked for.  The court rendered judgment for
appellee.

The undisputed facts are that appellant em-
ployed appellee, a practicing attorney, to
represent her as an attorney in a suit for
divorce.  Appellee accepted the employment
under an express contract for compensation.
The divorce suit was brought and judgment
of divorce rendered.  By virtue of the decree
in the divorce suit the community homestead
was sold, and of the proceeds $150 was paid
to the appellee, as the attorney for appellant,
by the sheriff.  Appellee applied the entire
$150 to settlement of his agreed fee.  Appel-
lant demanded one-half of the $150 from ap-
pellee.

Appellee received $10, in addition to the
above $150, before the divorce suit was filed.
Appellant testified that she advanced this
$10 to appellee for the purpose of paying
cost of citation by publication, but that ap-
pellee appropriated it to his own use.  Ap-
pellee testified that the $10 was paid to him
by one Johnson, whom appellee represented
in the corporation court.

There is a conflict in the evidence as to
whether appellant bound herself to pay the
$150 to appellee, or whether she bound her-
self to pay nothing, but agreed to permit
appellee to collect $150 out of her husband's
part of the community property, then used as
a homestead by appellant.  Appellant testi-
fied "that she hired R. A. Campbell to get

a divorce for her and he told her that he
would charge $150."  "I agreed to his charge
of $150."  She further testified that appellee
told her at the time the amount of the fee
was agreed to that he would make the home-
stead bring, when sold, enough to pay her
$400 or $500 for her half after all costs were
paid.  The homestead was community prop-
erty, of the approximate value of $1,200, and
incumbered for $200.  Appellant further tes-
tified that the $150 fee was to be paid out
of her husband's part of the proceeds of the
sale of the homestead.  Appellee testified that
there was no mention of his attorney's fee
coming out of appellant's husband's estate;
that appellant well knew and understood that
appellee looked to her for the payment of his
fee.  Under his contract with appellant, ap-
pellant owed him the $150 fee.  Appellee de-
nied that anything was said about the amount
appellant would receive from the sale of the
property.

[1] It will appear from the above statement
that there is a conflict in the evidence as to
the source from which the $150 would come.
The trial court found in favor of the truth
of appellee's testimony.  We see no reason
to disturb the finding of that court.

[2] There is no question that the appellee
had the right to apply the money collected
for his client to any valid subsisting claim
he had against appellant at the time he col-
lected money for her.  Blair v. Blanton,
54 S. W. 321.

The judgment is affirmed.